## THE FIRST NATIONAL BANK OF MENTONE *v.* BOARD OF FINANCE OF SEWARD TOWNSHIP OF KOSCIUSKO COUNTY.

[No. 21,980.   Filed November 26, 1912.]

1. DEPOSITORIES.—*Deposits of Public Funds.—Selection of Depository.—Special Findings.*—A special finding of facts, which relate solely to the financial responsibility of appellant bank, is insufficient to warrant its designation as a depository for the funds of a township in which a bank is not located, in the absence of a finding that its written proposal was filed in due time under §7536 Burns 1908, Acts 1907 p. 391, §15, and that there was no bank or trust company located in the township capable of being selected a public depository.   p. 606.

2. DEPOSITORIES.—*Deposits of Public Funds.—Selection of Depository.—Statutory Provisions.*—Under §7542 Burns 1908, Acts 1907 p. 391, §21, providing that all funds of city, town, township and school corporations shall be deposited in banks, etc., located within the respective limits of such cities, towns, townships or school corporations, if such there be, which shall accept such deposits, a bank cannot be legally designated as the depository of the funds of a township in which it is not located, unless there is no bank or trust company in the township willing and qualified to accept such funds.   p. 606.

From Kosciusko Circuit Court, *Francis E. Bowser,* Judge.

Action by The First National Bank of Mentone against the Board of Finance of Seward Township of Kosciusko County.   From a judgment for defendant, the plaintiff appeals.   (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)   *Affirmed.*

*Wood & Aiken* and *J. F. Bowman,* for appellant.

*L. W. Royse, Stookey & Anglin,* for appellee.

Spencer, J.—Appellant brought this action in the nature of an appeal from the action of the board of finance of Seward township, Kosciusko county, Indiana, under §13 of the act of 1907 (Acts 1907 p. 391, §7534 Burns 1908), on the refusal of appellee to approve its bond tendered, and to designate it as a depository for a part of the public funds of said township, and requested the court to investigate and make a special finding of facts and conclusions of law thereon. The court found in favor of appellee.

Appellant bases its right to be declared a depository of the public funds of said township on the special finding of facts, which relate solely to the financial responsi-

1. bility of appellant to become a depository. Nowhere in said findings do we find that appellant has filed its written proposal in due time, under §15 of said act (§7536 Burns 1908), to become a depository, nor that there were no banks or trust companies capable of being designated a public depository located in Seward township. These were material facts to be determined by the court from the investigation, and if they were facts should have been specially found. The court found that appellant was located in Harrison township, in said county.

The following is the provision in §21 of said act (§7542 Burns 1908): "That all funds of city, town, township and school corporations shall be deposited in banks, bank-

2. ing institutions or trust companies, designated as public depositories, located within the respective limits of such cities, towns, townships or school corporations, if such there be which shall accept such deposits of funds on the terms herein provided." Under said section appellee could not legally have designated appellant as such depository, unless there was no bank or trust company in Seward township willing and qualified to accept the public funds of said township. Appellant's right of recovery depends on the fact that there was no such bank in Seward township,

and which fact should have been found in its favor to entitle it to the relief prayed. We cannot say from the special findings that there is no such bank or trust company in Seward township, therefore, the judgment is affirmed.

NOTE.—Reported in 99 N. E. 979. See, also, under (2) 13 Cyc. 814.